United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41291
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MELISSA CHRISTINE LORK,

                                        Defendant-Appellant.

---------------------

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-44-ALL-RHC

-------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Melissa Christine Lork pleaded guilty to possession with intent to distribute less than 50 grams of methamphetamine but reserved the right appeal the district court's denial of her motion to suppress evidence seized from her vehicle during a traffic stop. In reviewing the denial of a motion to suppress, we accept the district court's findings of fact unless they are clearly erroneous, but its ultimate conclusion as to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutionality of the law enforcement action is reviewed de novo. United States v. Orozco, 191 F.3d 578, 581 (5th Cir. 1999).

Lork argues that the district court erred in finding that the police officer acted reasonably in stopping her because the evidence did not establish that she was speeding. However, the relevant inquiry is whether the police officer had probable cause to believe a traffic violation had occurred. Whren v. United States, 517 U.S. 806, 810 (1996). Based on the testimony and the police officer's training and experience, we conclude that he did have probable cause to stop Lork for speeding.

Lork also argues that the police officer impermissibly extended her detention. However, a detectable odor of marijuana emanating from a vehicle provides probable cause for the search of a vehicle. See United States v. Reed, 882 F.2d 147, 149 (5th Cir. 1989). Because the police officer testified that he detected this odor immediately upon approaching Lork's vehicle, any questions regarding the length of detention or consent to the search are irrelevant. Lork also argues that the police officer had no training in the smell of marijuana. Based on the police officer's extensive training and experience in narcotics, as well as his testimony that he was familiar with the odor of marijuana, we conclude that his detection of this odor provided probable cause for the search of the vehicle.

Although Lork submitted a FED. R. APP. P. 28(j) letter referencing the recent Supreme Court decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), she did not argue any sentencing error in her briefs, nor do we see any effect of <u>Booker</u> on her sentence.

AFFIRMED.